No. 7025.

## SOUTHERN MOTOR CAR COMPANY v. KISSEL MOTOR CAR COMPANY.

### Syllabus.

1. Though a larger amount is claimed than is afterwards decreed to be due, an attachment will nevertheless be maintained to the extent of the amount awarded, provided the claim was made in good faith.

2. In an action in damages for breach of contract of deposit a defendant cannot urge by way of reconvention or setoff a claim distinct from the contract of deposit.

Appeal from the Civil District Court, Parish of Orleans, No. 112,333, Division "C"; Honorable E. K. Skinner, Judge. Affirmed.

E. R. Mabry, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and appellant.

Ed. P. Foley, McCloskey & Benedict, Attorneys.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In April, 1915, plaintiff, a domestic corporation, engaged in the busines of selling automobiles in this city, ordered by letter from defendant, a foreign corporation engaged in the manufacture and sale of automobiles in Hartford, Wisconsin, a one-ton truck chassis (without body), stating in said letter to defendant that the truck was purchased without body because the customer had agreed to purchase the truck from plaintiff, namely, the Junius Hart Piano Company, desired having made in this city a special design of body suited to its business requirements.

Replying to this letter, defendant complained that plaintiff was presently in default for having failed to accept

338

delivery of another automobile it had purchased in February, 1915, and that consequently, as a safeguard against a like occurrence, it would not book the present order for the truck unless plaintiff would deposit with it a sum of $300.00 to cover the cost of shipment of the truck to New Orleans and back to the factory, as a guarantee in the event the truck was not accepted by plaintiff on arrival.

Plaintiff accordingly mailed to defendant, and the latter in due course received and cashed, a check of plaintiff for $300.00, across the face of which there had been written by plaintiff the statement that it constituted a "deposit upon one one-ton for Junius Hart Piano Company."

After having thus secured possession of plaintiff's money, defendant promptly shifted its attitude and peremptorily advised plaintiff that the Junius Hart Piano Company truck would not be shipped or delivered unless and until plaintiff settled the unadjusted claim arising from its purchase of an automobile during the preceding month of February.

Defendant persisted in this attitude and thereupon plaintiff instituted the present suit, accompanied by writ of attachment against defendant's property in this city, for the recovery of the following damages for the breach of the contract of sale and deposit covering the truck aforesaid:

1. Deposit received and retained by defendant $300.00
2. Loss of profit on sale of truck.............. $370.00
3. Loss on body specially designed for truck.... $200.00
4. Punitive damages ...................... $300.00
5. Attorney's fees ........................ $250.00

Plaintiff had judgment upon the first three items of damage alone, the attachment was maintained, its claim for punitive damages and attorneys' fees was rejected and on

the other hand a reconventional demand presented by defendant in its answer was dismissed as of non-suit.

Defendant has appealed and its first complaint is that the writ of attachment will not lie because the damages claimed are too indefinite and conjectural to justify an affidavit "expressly and positively" stating the amount claimed. C. P. 243.

None of the first three items of damages is conjectural indefinite or speculative, but on the contrary each is fixed as capable of definite determination by proof. It is true, or at least admitted to be true by appellee, that attorneys' fees and punitive damages are not recoverable and that the trial Court properly rejected these items; but the fact that recovery on that score was not maintainable or was denied does not affect the validity of the attachment, for though a larger amount is claimed than is afterwards decreed to be due, the attachment will be held good to the extent of the amount awarded, provided the claim of affidavit, though erroneous or excessive, be made in good faith, as we are satisfied it was in this case.

*Williams v. Lumber Co.*, 105 *La.*, 99.

It is true that the case of *Christie & Lowe v. Pennsylvania Iron Works*, 128 *La.*, 210, is somewhat at variance with the holding in the *Williams case*, but we believe that the latter announces the correct doctrine and it has recently been cited with approval by the Supreme Court.

*Singer Manufacturing Co. v. Johnson*, 134 *La.*, 590.

On the merits of the sole defense made is that in the purchase of the truck plaintiff was not acting for its own account but as agent for one Lowe and that consequently

plaintiff was without interest or capacity to maintain an action for breach of the contract.

The defense is not sustained by the facts elicited. The contract between defendant and Lowe, upon which defendant mainly relies, is nothing but a purchase and sale agreement assuring Lowe a commission or rebate on all sales effected in Louisiana, and in itself contemplates that sales might be made directly to others by defendant without Lowe's intervention and independently of the latter's agency, liability or credit. And the documentary evidence in the case, as distinguished from the testimony of defendant's witnesses, all of which is either contradictory or explanatory thereof, as well as the allegations of the reconventional demand itself, satisfies us that with reference to the sale of the truck and the deposit made in connection therewith the defendant dealt with plaintiff as principal and as creditor and not as Lowe's agent.

The Judgment on the main demand is undoubtedly correct and we are equally satisfied that the trial Court made the proper disposition of the reconventional demand by dismissing it as of non-suit.

The demand in reconvention seeks to hold plaintiff liable as principal for damages arising from its alleged default in connection with automobile purchased in the month of February preceding, a transaction separate and distinct from the purchase of the truck and from the deposit made in connection therewith.

The deposit was dedicated to the purchase of the truck at defendant's instance and its action in withholding delivery of the truck and in attempting to attribute the deposit to a transaction foreign thereto, was violative of a fiduciary obligation. The law expressly prohibits that

341

a claim arising from a deposit should be offset by a debt distinct from the deposit;. and to entertain the reconventional demand in this instance would be to permit defendant to accomplish judicially that which the law forbids it to do extrajudicially, and "to take advantage of a situation created by its virtual breach of trust."

> *Pratt v. Hart Jewelry Company, No.* 6806 of our docket.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 14th, 1917.

Rehearing refused, June 11th, 1917.